## JOHN COLLINS' LESSEE v. WILLIAM RIGUA.

Court of Common Pleas. Sussex. May 2, 1797.

*Rodney's Notes.*\*

*Wilson, Peery* [for plaintiff]. *Ridgely, Bayard* [for defendant].

Samuel Lingo sworn.

Sarah Townsend sworn. Collins, the plaintiff, was born in cherry-time of the year 1764. His father had another child when his grandfather died.

Rhoads Shankland. I remember to have seen the paper (which is a family register to prove plaintiff's age) hanging up in William Collins' house.

Joseph Waples. William Collins died nine years ago in the Spring.

August 1, 1754. Deed, Cord Hazzard to John Rigua.

August, 1753. Sheppard Kollock to same.

*Ridgely* for defendant.

Collins S. Kollock sworn to prove an alienation bond from William and John Collins to William Rigua, March 6, 1781.

March 14, 1785. Receipt from William and John Collins. Receipt for £50 to William Rigua for the amount of a bond.

Solomon Roll. Jessee Dean. Henman Wharton.

*Peery.* The point which plaintiffs rely on is that the alienation bond was executed when John Collins was under age and therefore void absolutely. The bond says he was under age and that he would not become of age until 1785. Salk. 675, bond of an infant void. Cro. Eliz. 920, bond taken for necessaries declared absolutely void by court. 1 Esp. 164. Pow.Con. 32, deed etc. made by infant void. 3 Atk. 712 by no manner conveyance can an infant dispose of his inheritance.

*Ridgely.* Defendant has a title to bar plaintiff's recovery. John Prettyman devised his lands, etc., to Thomas which was only a life estate. The action brought in June 10, 1788, no evi-

---

\* This case is also reported in *Wilson's Red Book, 163.*

dence that plaintiff's father was then dead only that he died about nine years ago. I deny the counsel's position that the bond is void; it is only voidable. Com.Dig. 629. If an infant makes a feoffment, or lease and release, it is only voidable. 3 Burr. 1794, Lord Mansfield. First, whether defendant could take advantage of the infancy of plaintiff's lessee; second, whether the deed is void or voidable. 1805. Any deed, grant, feoffment, or obligation may be avoided, but the deed of a *feme covert* is void, but if after the death of her husband she delivers it over it will take effect. The case of *Thompson and Leach* in Salkeld the strongest for the plaintiff that is to be found; in this case it was determined after solemn argument that the deed was only voidable.

*Wilson.* 3 Bac.Abr. 136, infants are allowed to rescind and break through contracts etc., but some are absolutely void, such as have no semblance of benefit to infant.

*Bayard.* Salk. 279, a bond takes effect by sealing and delivery and is only voidable. Gilb.130, a bond not void but voidable. 3 Bac.Abr. 145, deed [not void but voidable]. Alienation bond produced here as evidence of the contract, not to recover the penalty, one part may be good, and the other not. Pow.Con. 41, a court of equity will confirm a contract for the benefit of the infant. If any acts are done after they are of age to affirm them, 3 Bac.Abr. 145, their contracts cannot be avoided by them; or where it is only presumed they are bound. The intention of our law is to shield infant from imposition, not to protect him in fraudulent contracts. Bull.N.P. 154. Esp.N.P. 172, infancy where, "the action is grounded on fraud," is no defense. Esp.N.P. 184.

*Wilson.* This contract was a benefit to the father, but none to the son.

*Peery.* When the fact is proved or admitted that the infant signed the bond, it is absolutely void.

CHIEF JUSTICE. In this action both plaintiff and defendant claim under William Collins, the elder. First, defendant says he has an alienation bond from plaintiff and his father. Plaintiff answers, I was an infant, therefore not binding. The contracts entered into by infants are voidable. Second, no evidence of William Collins' death when the action commenced, if none plaintiff cannot recover. Thirdly, there is a clear distinction between a bond given for payment of money and one with a collateral condition, and I recollect a conveyance bond was given in evidence in a cause in 1776 in which I was attorney for plaintiff.